UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
NOV 20 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| JOSE MUNIZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil No. SA-18-cv-01002-OLG |
| | § | |
| CITY OF SAN ANTONIO, TEXAS and ANGEL CASTELLO, in his individual capacity, | § § § § | |
| | § | |
| *Defendants*. | § | |

## ORDER

On this date, the Court considered Defendant Angel Castello's Motion for Protective Order (docket no. 24) and Defendant Angel Castello's Motion to Compel (docket no. 28).

### I.   Motion for Protective Order

Defendant's Motion for Protective Order (docket no. 24) will be denied as moot, but without prejudice to refiling should the same or similar issues arise again. Specifically, the Motion for Protective Order appears to focus on the timing of Defendant Angel Castello's deposition in relation to the discovery deadline. In light of the Court's prior extension of the discovery deadline, *see* docket no. 27, the issue appears to be moot, and the parties should—if they have not done so already—select a mutually agreeable date for Defendant Castello's deposition.

### II.   Motion to Compel

Having reviewed Defendant's Motion to Compel, Defendant's discovery requests, Plaintiff's responses and objections to those requests, and the parties' briefing, the Court finds that Plaintiff's objections to the discovery requests should be overruled and Defendant's motion should be granted, at least to the extent set forth below. To be clear, the practical impact of such an order

may be minimal, as it appears that Plaintiff is only withholding minimal—if any—information and/or documents from Defendants on the basis of his objections. Indeed, Plaintiff's responses to the discovery requests and response to Defendant's Motion to Compel state that Plaintiff is not withholding any information as to the vast majority of Defendant's requests. However, rather than deeming the motion moot, the Court will briefly explain why Plaintiff's objections are overruled so that the record is clear that Plaintiff has an ongoing obligation to produce such information in the event any information or documents are being withheld.

### A. *Overbreadth and/or Vagueness*

Plaintiff objects to various requests for production and interrogatories on the basis that they are overbroad and/or vague. *See* RFPs 4, 9, 10, 11 & 12; IROGs 4, 5 & 8. The Court has reviewed each such request or interrogatory, and Court finds that the requests and interrogatories are neither overbroad nor vague.[1] Additionally, the Court further concludes that each request seeks discoverable information.[2] Thus, to the extent Plaintiff has withheld or intends to withhold documents and/or information on the basis of any "overbreadth" or "vagueness" objection to the aforementioned requests, those documents should be produced and/or information should be provided.

---

[1] Although it is true that Interrogatory 8 could have been more carefully drafted, the information it seeks is reasonably clear. Indeed, Defendant has clarified that he is only seeking information concerning Plaintiff's "activities planned for August 2, 2018," and it appears that Plaintiff has interpreted the request to contain such a limitation. *See* docket no. 28 ¶ 9; docket no. 30 p. 2. The Court finds such an interpretation to be appropriate.

[2] Plaintiff argues that information related to Plaintiff's past criminal convictions is not discoverable. *See* docket no. 30 pp. 3-4. It very well may true that certain documents that are responsive to RFP 4 may not ultimately be *admissible*, but that does not necessarily mean that they are not *discoverable*. Indeed, it is conceivable that such a request may lead to the discovery of admissible evidence. In any event, however, this conclusion appears to have little practical impact, as Plaintiff has stated that no such documents exist. *See* docket no. 30 p. 4.

### B. *Attorney-Client Privilege and/or Work Product*

Plaintiff objects to various requests for production on the basis that they call for the production of attorney-client privileged materials and/or work product. *See* RFPs 6, 9, 10, 11 & 12. The Court agrees with Plaintiff's position that the plain language of certain of the requests may encompass Plaintiff's communications with his attorney, however, it appears that Defendant has exempted such materials. *See* docket no. 28 ¶ 14; docket no. 28-3. To the extent Plaintiff contends that other materials contain privileged information, the appropriate method for dealing with privileged material is through the use of a privilege log, rather than a wholesale refusal to produce documents. Again, it appears that the practical effect of this order will be minimal in light of Plaintiff's representation that it has produced the responsive documents, but to the extent Plaintiff is withholding (or intends to withhold) any responsive documents on the basis of any privilege, Plaintiff should provide a privilege log for all such materials.

### C. *Prematurity*

Plaintiff objects to request for production 6 on the basis that it is premature. *See* docket no. 30 p. 4. Although it may be true that Plaintiff is *presently* unable to identify responsive documents, the request is not improper. Thus, Plaintiff has an ongoing obligation to produce such documents as the litigation progresses.

### D. *Legal Conclusions*

Plaintiff objects to interrogatories 10 and 11 on the basis that they seek legal conclusions. *See* IROGs 10 & 11; docket no. 30 p. 3. To the extent Plaintiff intends to argue that the relevant ordinance "deprived [Plaintiff] of alternate channels of expression besides leafletting," Defendant is entitled to know Plaintiff's *factual basis* for any such argument. *See* IROG 10. Similarly, to the extent Plaintiff intends to contend that the relevant ordinance "is not content neutral," Defendant

is entitled to know Plaintiff's *factual basis* for that contention as well.[3] *See* IROG 11. Indeed, these interrogatories do not ask Plaintiff to make a legal conclusion, but rather ask Plaintiff to provide the factual information on which Plaintiff will rely to the extent Plaintiff intends to seek such conclusions at trial. Defendant is entitled to such factual information, and to the extent Plaintiff has thus far refused to provide it, Plaintiff is instructed to disclose that information.

### E. *Request for Expenses*

Defendant requests expenses related to its Motion to Compel, pursuant to Fed. R. Civ. P. 37. *See* docket no. 28 ¶ 10. Having reviewed the record, and in light of the fact that Plaintiff has largely produced the responsive information notwithstanding his objections, the Court does not believe that an award of expenses is appropriate at this stage. Thus, Defendant's request for expenses will be denied.

## CONCLUSION AND ORDER

For the reasons set forth above, Defendant's Motion for Protective Order (docket no. 24) is **DENIED AS MOOT**, but **WITHOUT PREJUDICE** to refiling should the same or similar issues arise again.

Additionally, as set forth above, Defendant's Motion to Compel (docket no. 28) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Plaintiff's objections to Defendant's discovery requests are overruled, and Plaintiff shall—within fourteen (14) days of the date of this Order—produce responsive documents and/or information that is presently being withheld, if any, and/or provide a log of any privileged materials. However, Defendant's Motion to Compel is denied to the extent it seeks expenses associated with the motion.

---

[3] As an example, to the extent Plaintiff believes there is evidence that demonstrates that the relevant ordinance was adopted because the City of San Antonio disagrees with a specific type of content or the message it conveys (*i.e.*, that the ordinance is not "content neutral"), Plaintiff must identify that evidence as part of discovery.

4

It is so **ORDERED**.

**SIGNED** this 20 day of November, 2019.

_____
ORLANDO L. GARCIA
Chief United States District Judge