UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE MUNIZ, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil No. SA-18-cv-01002-OLG |
| CITY OF SAN ANTONIO, TEXAS and ANGEL CASTELLO, in his individual capacity, | § § § § § | |
| *Defendants*. | § § | |

## ORDER

On this date, the Court considered the status of the above-captioned action. In the present dispute, Plaintiff has asserted First Amendment and Fourteenth Amendment challenges to an ordinance issued by the City of San Antonio that was in effect during the dates immediately preceding and following the 2018 NCAA Division I Men's Final Four Championship. *See* docket no. 1. Plaintiff asserts that his constitutional rights were violated by the City of San Antonio and an officer who enforced the ordinance at issue. *See id*. Plaintiff seeks nominal damages of $1. *See id*. In addition, Plaintiff seeks declaratory relief from the Court with respect to the ordinance in question and injunctive relief that would prevent the City from implementing and/or enforcing similar ordinances during subsequent "Final Four" events occurring in San Antonio. *See id*.

The parties have completed discovery, and each party has moved for summary judgment on all claims and with respect to all requested relief. For example, Plaintiff at this stage contends that he is entitled to summary judgment and all declaratory and injunctive relief requested in his Complaint. *See* docket no. 34 pp. 18-20. Similarly, Defendant City of San Antonio and Defendant Angel Castello each contends that summary judgment should be granted in Defendants' favor with respect to all claims for relief asserted by Plaintiff. *See* docket no. 32 & 37.

On January 27, 2020, the Court issued an Order directing Plaintiff to file supplemental briefing explaining why Plaintiff has standing to request forward-looking declaratory and/or injunctive relief in this case. *See* docket no. 52 (the "Prior Order"). Specifically, and in reliance on recent Fifth Circuit precedent, the Court's Prior Order asked Plaintiff to provide information demonstrating that Plaintiff faces a "substantial risk" of a future injury (similar in nature to the injury he has allegedly already suffered) absent declaratory and/or injunctive relief in this case. *See id*. (quoting *Stringer v. Whitley*, 942 F.3d 715 (5th Cir. 2019)). On March 3, 2020, Plaintiff filed a supplemental memorandum in which Plaintiff provided information that Plaintiff contends demonstrates a substantial risk of such a future injury to Plaintiff in this case. *See* docket no. 53. In part, Plaintiff's supplemental filing states that Plaintiff intends to attend the 2021 Women's Final Four and 2025 Men's Final Four events (which are scheduled to be held in San Antonio) so that he may distribute his noncommercial religious literature on public sidewalks near the events. *See id*. at pp. 4-8.

In the weeks since Plaintiff's response to the Court's Prior Order, the United States has been impacted by the global Covid-19 pandemic, and the effects of the pandemic have been significant and widespread. The pandemic has created a public health emergency, and as of the date of this Order, tens of thousands of Americans have lost their lives to Covid-19. Additionally, businesses have been shuttered, sporting events (including the 2020 Division I Women's and Men's "Final Four" events) have been cancelled, and restrictions requiring "social distancing" have been implemented by states and municipalities around the country. Moreover, it is not clear how long the effects of the Covid-19 pandemic will continue to be felt, or whether certain communities may experience second or third "waves" of the pandemic over the coming months or years. For all of those reasons, the Court can no longer say with certainty when the next college basketball "Final Four" events will be held, where those events will be held, whether fans will be

in attendance, whether any commercial or noncommercial vendors or displays will be permitted at the events, whether public health authorities will implement restrictions requiring "social distancing" or otherwise limit individuals' movements, and/or whether municipalities will again issue ordinances unrelated to public health that may otherwise impact those events (and if so, the scope of those orders). Indeed, even *assuming* subsequent "Final Four" events proceed as otherwise planned, there very well may be *public health* reasons that the in-person distribution of materials—such as the literature Plaintiff says he intends to distribute—may be prohibited by municipalities. In sum, to the extent the Court believed there was potential uncertainty as to Plaintiff's "substantial risk" of suffering similar future harm when it issued the Prior Order, it appears that such uncertainty may have multiplied exponentially in the recent weeks.

In light of these ongoing developments and as part of its resolution of the instant motions, the Court intends to take judicial notice of certain facts and events related to the Covid-19 pandemic. Federal Rule of Evidence 201 states that a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. A court may take judicial notice *sua sponte,* even when no request has been made by the parties. *See id.* As specific examples in this case, the Court intends to take judicial notice of the fact that, as a direct result of the Covid-19 pandemic: (i) the 2020 NCAA Division I Women's Final Four and 2020 NCAA Division I Men's Final Four events were cancelled,[1] (ii) all other winter and spring NCAA sports championship events have been cancelled,[2] (iii) professional sports leagues in the United

---

[1] *See* http://www.ncaa.org/about/resources/media-center/news/ncaa-cancels-remaining-winter-and-spring-championships (last visited April 27, 2020).

[2] *See id*.

States have suspended their seasons,[3] (iv) other sports leagues around the world that have resumed play have done so without fans in their stadiums and arenas,[4] (v) the NCAA originally proposed conducting the 2020 Division I Women's Final Four and 2020 Division I Men's Final Four without fans in attendance,[5] (vi) states and municipalities around the country (including San Antonio, Texas and Bexar County, Texas) have issued orders closing businesses, restricting individuals' movements, requiring "social distancing," and/or otherwise prohibiting certain in-person interactions,[6] and (vii) public health officials are presently uncertain as to how long the effects of the Covid-19 pandemic may be felt by communities around the country.[7] The Court believes that the truth of each of the above facts is not subject to reasonable dispute, as each is generally known and/or is the subject of reporting by sources whose accuracy cannot reasonably be questioned.

In this case, the Court believes that the aforementioned specific facts (and perhaps other subsequent Covid-19-related developments) may impact the Court's analysis as to Plaintiff's standing to seek future declaratory and/or injunctive relief.[8] Additionally, Fed. R. Evid. 201(e)

---

[3] *See, e.g.,* https://www.nba.com/article/2020/03/11/nba-suspend-season-following-wednesdays-games (last visited April 27, 2020); https://www.nhl.com/news/nhl-coronavirus-status/c-316155530 (last visited April 27, 2020).

[4] *See* https://www.npr.org/2020/04/22/840986609/south-korea-tries-for-homerun-with-spit-less-fan-less-baseball-season (last visited April 27, 2020).

[5] *See* http://www.ncaa.org/about/resources/media-center/news/ncaa-president-mark-emmerts-statement-limiting-attendance-ncaa-events (last visited April 27, 2020).

[6] *See, e.g.*, https://www.sanantonio.gov/Portals/0/Files/health/COVID19/Public%20Info/2nd%20Addendum%20to%20EXH%201%20-%205th%20Declaration%20 %20Stay%20Home%20Work%20Safe %20Measures%2004.16.20% 20FINAL.pdf?ver=2020-04-16-175323-370 (last visited April 27, 2020); https://www.sanantonio.gov/Portals/0/Files/health/COVID19/Website%20Docs/ExecutiveOrderNW05-April62020.pdf (last visited April 27, 2020).

[7] *See, e.g.*, https://www.washingtonpost.com/health/2020/04/21/coronavirus-secondwave-cdcdirector/ (last visited April 27, 2020) (Director of Centers for Disease Control stating that "[t]here's a possibility that the assault of the virus on our nation next winter will actually be even more difficult than the one we just went through.").

[8] As noted in the Prior Order, the Court does not question that Plaintiff has standing to assert his claim for nominal damages, and a live case or controversy will exist even in the event Plaintiff

4

provides that parties should be provided an opportunity to be heard before a court formally takes judicial notice of specific facts. For that reason, the Court believes it is appropriate to provide the parties with an opportunity to (i) object to the Court's intention to take judicial notice of the aforementioned facts related to the Covid-19 pandemic, and/or (ii) provide briefing as to why those facts should or should not impact the Court's analysis as to whether Plaintiff faces a "substantial risk" of a similar alleged injury in the future.

For that reason, **IT IS THEREFORE ORDERED** that—within seven (7) days of the date of this Order—the parties may provide supplemental briefing addressing the issues set forth in the prior paragraph of this Order. In the event any party files such a brief, the opposing party (or parties) may have seven (7) days to file a response.

It is so **ORDERED**.

**SIGNED** this 28th day of April, 2020.

_____
ORLANDO L. GARCIA
Chief United States District Judge

---

does not have standing to request declaratory or injunctive relief. *See generally Ward v. Santa Fe Indep. Sch. Dist.*, 35 Fed. Appx. 386 (5th Cir. 2002) ("[W]hether or not a plaintiff's request for injunctive relief has become moot, a suit should not be dismissed in its entirety so long as the plaintiff has alleged a cognizable claim for nominal damages for the constitutional violation he suffered."); *Bernhardt v. County of Los Angeles,* 279 F.3d 862, 872 (9th Cir. 2002) ("A live claim for nominal damages will prevent dismissal for mootness."). However, because Plaintiff's summary judgment motion necessarily asks the Court to also determine the appropriate relief should Plaintiff prevail on the merits, the Court must first confirm that Plaintiff has standing to request all forms of relief sought by the Complaint. Importantly, "standing is not dispensed in gross," and the Court must evaluate plaintiff's Article III standing for each claim or requested form of relief. *Fontenot v. McCraw*, 777 F.3d 741, 746 (5th Cir. 2015).